**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                          Case No. 3:17-cv-1444-J-32JRK

GINAMARIE HANDELONG,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on Plaintiff's Amended Motion for Entry of Default Final Judgment (Doc. No. 11; "Amended Motion"), filed April 19, 2018, and Plaintiff's Supplemental Memorandum to Motion for Default Judgment (Doc. No. 10; "Memorandum"), filed April 19, 2018.[2] Plaintiff initiated this action by filing a Complaint (Doc. No. 1; "Complaint") on December 26, 2017. Defendant was served with process on January 26, 2018. See Return of Service (Doc. No. 4), filed February 12, 2018, at 2. On March 5, 2018, Plaintiff moved for entry of default because Defendant failed to timely respond to the Complaint or otherwise appear in this case. See Application and Declaration for Entry of Defendant's Default (Doc.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02; Rule 12, Rules Governing Section 2255 Proceedings.

[2] Plaintiff certifies that copies of the Amended Motion and the Memorandum were mailed to Defendant on April 19, 2018. Amended Motion at 3; Memorandum at 3; see also Certificate of Service (Doc. No. 12), filed April 20, 2018.

No. 5; "Application for Entry of Default").³ The Clerk of the Court entered default against Defendant on March 6, 2018. See Clerk's Entry of Default (Doc. No. 6). Thereafter, Plaintiff's Motion for Entry of Default Final Judgment (Doc. No. 7) was filed on March 15, 2018. On April 3, 2018, the Court entered an Order (Doc. No. 8) directing Plaintiff to file, no later than April 10, 2018, a supplemental memorandum clarifying whether it seeks interest at the rate of 3.38% from November 13, 2017 to the date of default judgment. The Court also directed Defendant to file a response to the Motion no later than May 2, 2018, failing which the Court would treat the Motion as unopposed.⁴

Plaintiff failed to file a supplemental memorandum by April 10, 2018. Consequently, the Court entered an Order (Doc. No. 9) on April 13, 2018 directing Plaintiff to file the supplemental memorandum no later than April 20, 2018 and Defendant to file a response to the Motion by May 14, 2018.⁵ As noted, Plaintiff filed the Amended Motion and the Memorandum and on April 19, 2018. In the Memorandum, Plaintiff states it is seeking "interest accrued at the rate of 3.375% through November 13, 2017 to the date of judgment." Memorandum at 2. To date, Defendant has not filed a response to the Amended Motion or otherwise appeared in this matter. The Amended Motion, therefore, is deemed unopposed.

---

³ The Application for Entry of Default contains unnumbered pages. Citations to it follow the pagination assigned by the Court's electronic filing system (CM/ECF).

⁴ The Clerk of Court mailed a copy of the Order (Doc. No. 8) to Defendant on April 4, 2018.

⁵ The Clerk of Court mailed a copy of the Order (Doc. No. 9) to Defendant on April 16, 2018. Plaintiff also mailed a copy of it to Defendant. See Certificate of Service (Doc. No. 12).

**I. Applicable Law**

Rule 55 provides the requirements for entry of a default judgment. See Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[6] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

**II. Discussion**

Plaintiff initiated the instant suit to reduce Defendant's defaulted student loan debt to judgment. See Complaint. The Court has subject matter jurisdiction over this case because it is a civil action commenced by the United States. See 28 U.S.C. § 1345 (providing district

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States").[7] The Court must now ensure that Plaintiff has stated a valid cause of action.

For the Court to enter judgment "in favor of the United States, [the United States] must prove that (1) Defendant executed the note[s]; (2) [the] United States is the present holder of the note[s]; and (3) the note[s are] in default." United States v. Hickey, No. 6:11-cv-1608-Orl-28KRS, 2012 WL 933229, at *2 (M.D. Fla. Feb. 27, 2012) (internal quotations and citation omitted) (unpublished report and recommendation), adopted, 2012 WL 933206 (Mar. 20, 2012) (unpublished); see United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013) (unpublished Table decision) (citing United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001)).

Attached to the Complaint is a Certificate of Indebtedness from the U.S. Department of Education (Doc. No. 1-1). Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Fed. R. Civ. P. 10(c). The Certificate of Indebtedness, therefore, is considered to be part of the Complaint. In the Memorandum, Plaintiff represents it received a corrected Certificate of Indebtedness from the U.S. Department of Education on April 17, 2018. Memorandum at 2. The corrected Certificate of Indebtedness is attached to the Memorandum and the Amended Motion. See Certificate of Indebtedness (Doc. Nos. 10-1, 11-2; "Corrected Certificate of Indebtedness"). The

---

[7] In the Application for Entry of Default, Plaintiff's counsel certifies that Defendant is not an active member of the military service of the United States of America, and she is not an infant or incompetent person. Application for Entry of Default at 1-2, 4-5; see also Return of Service. To the extent required, Plaintiff has complied with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521. Although the Application for Entry of Default is not attached to the Amended Motion, the undersigned has considered it as it is part of the file.

Corrected Certificate of Indebtedness adjusts the principal being sought from $22,110.24 to $9,517.30; the interest from $10,129.26 to $4,408.56; and the rate at which interest accrues from 3.38% to 3.375%. Compare Certificate of Indebtedness with Corrected Certificate of Indebtedness.

The Corrected Certificate of Indebtedness reflects that on about June 24, 2004, Defendant executed a promissory note. See Corrected Certificate of Indebtedness. It also indicates the United States now holds the note and Defendant is in default on the note. See id. The Corrected Certificate of Indebtedness reflects that as of April 20, 2018, Defendant owes Plaintiff $9,517.30 in principal and $4,408.56 in interest. Id. Interest accrues at a rate of 3.375% or $0.88 per day. Id.

Plaintiff represents in the Complaint that "[d]emand has been made upon . . . [D]efendant for payment of the indebtedness, and . . . [D]efendant has neglected and refused to pay the same." Complaint at 2. In addition to the relief outlined above, Plaintiff seeks interest at the rate of 3.375% from April 20, 2018 to the date of final judgment. Memorandum at 2.[8] Finally, Plaintiff requests "costs in this proceeding" and $45.00 as "statutory cost[s] for the litigation of this action" for "fee for process service per 28 U.S.C.

---

[8] In the Memorandum, Plaintiff represents it seeks "interest accrued at the rate of 3.375% through November 13, 2017 to the date of judgment." Memorandum at 2. In making this representation, it appears Plaintiff relies on the original Certificate of Indebtedness (Doc. No. 1-1), which reflects the total interest due as of November 13, 2017. As noted above, the Corrected Certificate of Indebtedness reflects the interest due as of April 20, 2018. Thus, although not specified in the Amended Motion, Plaintiff appears to be seeking any interest accrued from April 20, 2018 through the date of judgment in addition to the $4,408.56 in interest accrued as of April 20, 2018.

§ 1921." Amended Motion at 2 (capitalization omitted).[9] Pursuant to Rule 54(d), "costs should be allowed to the prevailing party" unless there is a court order, United States statute, or Rule to the contrary. The recovery of costs is subject to the Court's broad discretion, see Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir.1991), and is limited to those costs expressly provided for by statute, Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The service of process fee is a taxable cost. See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (holding "that private process server fees may be taxed pursuant to [28 U.S.C.] §§ 1920(1) and 1921"). The $45.00 service of process fee appears reasonable and appropriately sought, so it should be awarded.

By failing to answer or otherwise respond to the Complaint, Defendant is deemed to have admitted that she signed the promissory note, that the United States is the present holder of the note, and that the note is in default. Accordingly, the undersigned finds that Plaintiff has properly stated a valid cause of action, and Plaintiff is entitled to entry of default judgment.

Once a court determines that a plaintiff is entitled to default judgment, the court must determine whether a hearing is necessary to decide the amount of damages. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also SEC v. Smyth, 420 F.3d 1225, 1231

---

[9] The only amount of costs specified in the Amended Motion is the $45.00 in statutory costs. See generally Amended Motion. Thus, in terms of costs, the Amended Motion is construed as seeking only $45.00.

(11th Cir. 2005). When the essential evidence regarding damages is before a court, a hearing on damages may be unnecessary. See Smyth, 420 F.3d at 1232 n.13.

Here, the undersigned finds that a hearing is unnecessary because the essential evidence relating to damages is before the Court. See id. As noted above, the sworn Corrected Certificate of Indebtedness establishes that as of April 20, 2018, Defendant owes Plaintiff a total of $13,925.86. Plaintiff is entitled to prejudgment interest accruing on the total principal amount at the rate set forth in the Corrected Certificate of Indebtedness. Plaintiff is further entitled to post-judgment interest from the date of judgment at the legal rate established by 28 U.S.C. § 1961.

### III. Conclusion

Upon review of the Amended Motion and the file, the undersigned finds that Plaintiff has met the requirements for entry of a default judgment against Defendant as provided above. Accordingly, it is

**RECOMMENDED THAT:**

1.  Plaintiff's Amended Motion for Entry of Default Final Judgment (Doc. No. 11) be **GRANTED**.

2.  The Clerk of the Court be directed to enter judgment in favor of Plaintiff and against Defendant in the following amounts: $9,517.30 in principal; $4,408.56 in prejudgment interest as of April 20, 2018; prejudgment interest on the total principal amount accruing at the rate of 3.375% from April 20, 2018 through the date of judgment; post-judgment interest accruing at the legal rate established by 28 U.S.C. § 1961; and $45.00 in costs.

    3.    The proposed "Amended Final Judgment and Order Closing Case" (Doc. No. 11), at p. 4, attached to the Amended Motion, be **STRICKEN**.[10]

    4.    The Clerk of Court be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on May 21, 2018.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

Ginamarie Handelong
4387 Cresent Road
Spring Hill, FL 34606

---

[10] Although the Court appreciates Plaintiff's efforts in preparing a proposed order, its submission is inconsistent with the Court's Administrative Procedures for Electronic Filing, Section IV.A.4, that states, "No proposed order may be submitted unless authorized by the assigned judge." See also Local Rule 1.01(a).